Filed 9/25/14  P. v. Arevalo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>CANDELARIO SANCHEZ AREVALO,<br><br>   Defendant and Appellant. | 2d Crim. No. B252118<br>(Super. Ct. No. 2011003409)<br>(Ventura County) |

An information charged Candelario Sanchez Arevalo with (count 1) aggravated sexual assault of a child involving sexual penetration (Pen. Code, § 269, subd. (a)(5)), (counts 2 and 3) lewd acts on a child (§ 288, subd. (a)), (count 4) unlawful act with a child 10 years old and under (§ 288.7, subd. (b)), and (count 5) aggravated sexual assault of a child involving oral copulation (§ 269, subd. (a)(4)). The information also charged as to counts 2 and 3 that Arevalo had substantial sexual contact with a child under 14 years of age (§ 1203.066, subd. (a)(8)) and as to count 5 that Arevalo kidnapped the victim substantially increasing the risk of harm (§ 667.61, subds. (a) & (d)(2)).[1]

---

[1] All statutory references are to the Penal Code.

The jury was unable to reach a verdict on count 1, on the section 1203.066 allegation as to count 2, and on the section 667.61 allegation as to count 5. The jury found Arevalo guilty on all other counts and found true all other allegations.

On appeal, Arevalo contends the prosecution committed misconduct. We affirm.

FACTS

Anahi G. was 12 years old at the time of trial. WhenA. was in the fifth grade and 10 years old, she attended a school assembly where a video about "how people are not supposed to touch you in wrong ways" was shown. After she saw the video, she gave a note to her teacher saying that it had happened to her. A. told the teacher she had been touched by Arevalo, her uncle.

Anahi testified Arevalo touched her on three separate occasions. The first occasion was when she was six years old. Arevalo picked her up and took her into his bedroom. He placed her face down on the bed, kneeled on her knees and held her hands behind her back. Arevalo put his finger between her "butt cheeks." When Arevalo removed his finger, he toldA. not to tell anyone.

On the second occasion,A. was watching television when Arevalo came into the room and put his hand down her pants. He moved his finger over her vagina on top of her underwear. He did not touch her skin.

On the third occasion,A. was playing with her cousins in the house. Arevalo picked her up and carried her outside into the back yard. He took off her clothes and licked her vagina. She tried to push his head away but he was too strong. He left her in the backyard partially undressed.

The police arranged forA.'s mother to call Arevalo. The call was recorded. During the call, Arevalo admitted he touchedA.'s vagina and buttocks. WhenA.'s mother asked Arevalo why he did it, he replied, "Well I don't know. I guess I just thought it would be easy."

2

After the call, the police interviewed Arevalo. He admitted he touchedA.'s vagina and buttocks, but denied he put his finger in her rectum. He also admitted that he kissed her vagina.

*Defense*

Arevalo testified on his own behalf. He admitted to only one incident. He saidA. was playing in the backyard. He wanted to "caress[] her" because he was "having all those ill desires that sometimes go through your mind." He touchedA. over her clothing. Then he pulled up her dress and kissed her stomach, panties and leg. He touched the skin between her buttocks with his finger but did not go inside her. He stopped because there were a lot of people inside the house and someone could have come outside.

A Spanish interpreter testified a better translation of Arevalo's response whenA.'s mother asked why he did it would be, "I didn't think it through, I wasn't thinking," instead of "I thought it would be easy."

DISCUSSION

Arevalo contends the prosecutor committed misconduct in closing argument by referring to facts not in evidence and misstating the burden of proof.

*(a) Facts not in Evidence*

During closing arguments defense counsel told the jury: "But what I'm looking at is this video which could have been extremely suggestive toA., and I want you to think about that, the absence of the video, the facts that you didn't get to see it, you didn't hear it, you don't know what was said. You don't know whether or not that uncle in the video askedA. to go to a bedroom, picked her up and carried her, told her not to say anything. I'm sorry. I saidA., but I meant the little boy in the video. We don't know, and that's a little piece that you need to think about when you're thinking about reasonable doubt and whyA. has this idea that there's three separate incidents and whyA. adds things constantly to what she's saying."

3

In rebuttal, the prosecutor argued: "Anahi told you a very different version than what -- from what the defendant told you, and it's sad. It really is sad in this society when a program that is supposed to help children, that is supposed to be a vehicle for them to disclose when something bad happens to them now turns into a suggestive video. [¶] So this tool that schools are using so that little kids know that they can go to an adult and say 'Something bad happened to me' now in a courtroom becomes, well, she was probably mimicking what she saw in the video. She probably just repeated what happened to the little boy, and, members of the jury, the defense has that video as well. If that's what happened --"

Defense counsel objected and said: "That is improper argument and not within evidence. [¶] Request for admonition, your Honor. There has been no evidence of a video." The court sustained the objection and stated: "Ladies and gentlemen, again evidence that you consider, it's through your notes that you've obtained through the evidence presented in court, and you are not to speculate as to what evidence would have been provided and evidence not presented in court."

Arevalo assigns the statement, "the defense has the video as well," as misconduct because it was not in evidence that the defense had the video.

*(b) Misstating Law and Burden of Proof*

During rebuttal, the prosecutor argued that a 10-year-old girl would not know that a man would place his tongue into her vagina unless it happened to her. The prosecutor continued: "No evidence that anybody suggested that to her, but she has been consistent from Officer MacArthur to Detective Burr to her testimony in front of you that the defendant put his tongue on the bare skin of her vagina, and there is no reason to disbelieve her. You cannot believe her and believe the defendant at the same time. You cannot. So you have to elect one."

Defense counsel stated: "Objection. That misstate[s] the law. The court told the jury: "[T]he burden of proof has been discussed. To the extent that

4

either side argues something different than the standard beyond a reasonable doubt, you are to rely on my instructions."

Arevalo claims the prosecutor's statement, "You cannot believe her and believe the defendant at the same time," misstates the law and shifts the burden of proof.

Prosecutorial misconduct violates the 14th Amendment when it "infects the trial with such unfairness as to make the conviction a denial of due process." (*People v. Morales* (2001) 25 Cal.4th 34, 44.)  Even if the misconduct does not violate due process, it violates California law if it involved the use of deceptive or reprehensible methods in an attempt to persuade the court or jury. (*People v. Strickland* (1974) 11 Cal.3d 946, 955.)

In stating that the defense had the video, too, the prosecutor was simply commenting on the defendant's failure to introduce material evidence. Commenting on the defense's failure to introduce material evidence is not prosecutorial misconduct.  (*People v. Turner* (2004) 34 Cal.4th 406, 419.)  Contrary to Arevalo's argument, the prosecution was not accusing defense counsel of any impropriety.

Nor did the prosecution commit misconduct in stating the jury could not believe bothA. and Arevalo. A. testified he touched her bare vagina with his tongue and Arevalo testified he did not.  The statement was nothing more than a fair comment on the evidence.  (See *People v. Morales*, *supra*, 25 Cal.4th at p. 44 ["At closing argument a party is entitled both to discuss the evidence and to comment on reasonable inferences that may be drawn therefrom"].)  Indeed, it is impossible to believe Arevalo both did and did not touchA.'s bare vagina with his tongue.  The comment did not shift the burden of proof to the defendant.

In any event, if there was misconduct, it was harmless.  The two brief and mild comments by the prosecutor do not come close to implicating due process. Thus the standard for prejudice is whether it is reasonably probable Arevalo would

5

have obtained a more favorable result in the absence of the comments. (*People v. Bordelon* (2008) 162 Cal.App.4th 1311, 1324.)

The primary issue at trial concernedA.'s and Arevalo's credibility. Arevalo admitted to the police and at trial that he molestedA. Such an admission tends to limit the credibility of the defendant, to say the least. Arevalo had a motive to minimize his actions. A. had no motive to accuse her uncle , and was able to articulate three separate incidents of molestation. The evidence of guilt was overwhelming. As against the overwhelming evidence, the prosecutor's brief and mild comments were harmless. (See, e.g., *People v. Turner*, *supra*, 34 Cal.4th at p. 420 [prosecutor's brief and mild reference to the defendant's failure to testify uniformly found harmless].)

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

Bruce A. Young, Judge

Superior Court County of Ventura
_____


Gilbert W. Lentz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung Mar, Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.